## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

KIRSTEN APPLEGATE-WALTON,
CHARLENA KENDRICK-MONGER,
JENNIFER MELTON, ALICIA RICHARDSON,
AMANDA HANNAWI, KIMBERLY HUGHES,
MELISSA BARTUSH, LATRICIA WILKINS,
JASMINE BEMORE, LIZABETH BARRON,
KRYSTAL BROOKS, CINDY GALVEZ,
VIVIAN MARTINEZ, DEANNA MONTOYA,
LATOYA PORTER, VANESSA VELEZ, GINA
BARADELL, AND ASHLEIGH CONNELL,
**individually and on behalf of all others similarly
situated,**

      **Plaintiffs,**

vs.

OLAN MILLS, INC.,

      **Defendant.**

**Civil Case No.: 3:10cv224**

**CLASS AND COLLECTIVE ACTION
COMPLAINT**

**Judge Nixon/Magistrate Judge Bryant**

## ANSWER

      Comes now Defendant, Olan Mills, Inc., by and through counsel, and, for Answer to the

Complaint filed against it on or about March 10, 2010, states the following:

      1.      Defendant denies the alleged violations and that Plaintiffs are entitled to any of

the damages described in Paragraph 1 of the Complaint, and strict proof of the same is required.

      2.      Defendant denies the alleged violations and that Plaintiffs are entitled to any of

the damages described in Paragraph 2 of the Complaint, and strict proof of the same is required.

      3.      Defendant admits that each of the named Plaintiffs have been employed as hourly

employees in one or more of the positions identified in Paragraph 3 of the Complaint at some

point during the past four years with the exception that Defendant does not have "photographer

assistant" or "seasonal photographer" positions. Defendant also admits that each of the positions

listed in Paragraph 3 (that exist at Defendant) are not exempt from the overtime or minimum wage provisions of the FLSA or the state labor laws referenced in Paragraph 2 of the Complaint. Defendant also admits that in this suit Plaintiffs are purporting to represent other similarly-situated employees who also are current and/or former hourly employees of Defendant who also have been employed in one or more of the positions listed in Paragraph 3 (that exist at Defendant) at some point in the past four years.

4.     Defendant admits that it does business throughout the United States, including California and North Carolina.  It also admits that it operates portrait studios.  Defendant also admits that it has both free-standing studios and studios housed in Kmart, Belk, Meijer and Toys R Us retail locations throughout the United States.  All other allegations made in Paragraph 4 of the Complaint are denied.

5.     Defendant admits the allegations made in Paragraph 5 of the Complaint.

6.     Defendants admits that Plaintiffs are alleging the violations described in Paragraph 6 of the Complaint, but denies that such allegations are true, and strict proof of the same is required.

7.     It is possible that studio photographers have worked shifts of up to nine or even twelve hours, but this generalized statement attributed to all photographers is denied.  To the extent the second sentence of Paragraph 7 of the Complaint implies that Defendant automatically deducts a one-hour meal period from every shift worked by a studio photographer, Defendant denies this allegation, and strict proof of the same is required.

8.     Defendant does not "schedule" studio photographers to work in access of forty hours in a week or eight hours in a day during holiday months.  Studio photographers often work such hours due to the greater demand for their services around the holidays such as

Thanksgiving, Christmas, New Year's and Easter, and the weeks surrounding these holidays are as a general rule among the busiest for Defendant's portrait studios. However, the implication made by Paragraph 8 of the Complaint that Defendant "schedules" photographers to work a certain number of hours in a day or a week or that such schedules go on for "months" is denied. Defendant thus denies all other allegations made in Paragraph 8 of the Complaint, and strict proof of the same is required.

9.     To the extent Paragraph 9 of the Complaint is implying that Defendant allows, permits and suffers employees to work off the clock before and after their shifts, this allegation is denied, and strict proof of the same is required.

10.     Defendant denies the allegations made in Paragraph 10 of the Complaint, and strict proof of the same is required.

11.     Studio photographers may need to arrive at work fifteen to twenty minutes before their scheduled start time to prepare the studio for upcoming photography sessions if they have such a session booked at the time the studio opens. Studio photographers are permitted to clock in for any such studio preparation time. All other allegations made in Paragraph 11 of the Complaint to the contrary of these statements are denied, and strict proof of the same is required.

12.     Defendant admits that some of its studio photographers' opening duties are summarized in Paragraph 12 of the Complaint. Defendant does not admit that every studio photographer has to perform all of these opening duties every day that he/she opens a particular studio for business.

13.     Defendant denies the allegations made in Paragraph 13 of the Complaint, and strict proof of the same is required. Many of the functions described in Paragraph 12 of the Complaint cannot even be performed unless a studio photographer is clocked in.

14.     Defendant denies that studio photographers are required to wait until they are closing down a studio before performing "a variety of tasks."  The only tasks which have to be performed as part of closing down a studio is to turn off the lights, camera and computer and compute the final sales numbers for the day and forward those to a member of Defendant's management.

15.     Defendant has described in Paragraph 14 above a studio photographer's normal closing duties.  It is possible that some photographers on occasion also may wait until the end of their work day to clean up the studio.  However, this is not "required" by Defendant.

16.     Defendant denies the allegations made in Paragraph 16 of the Complaint, and strict proof of the same is required.

17.     Defendant denies the allegations made in Paragraph 17 of the Complaint, and strict proof of the same is required.

18.     Defendant denies the allegations made in Paragraph 18 of the Complaint, and strict proof of the same is required.  Most of Defendant's studios are closed between 2 and 3 p.m. on the days they are open for more than a total of five (5) hours.  Many studios are only open half days on Sunday and on one other weekday.  Many studio photographers who work in studios with more than one photographer assigned to that studio work half days as well, such that they would not be required or otherwise entitled to take a meal break.

19.     Defendant denies the allegations made in Paragraph 18 of the Complaint, and strict proof of the same is required.  Most of Defendant's studios are closed between 2 and 3 p.m. on the days they are open for more than a total of five (5) hours.  Many studios are only open half days on Sunday and on one other weekday.  Many studio photographers who work in

studies with more than one photographer assigned to that studio work half days as well, such that they would not be required or otherwise entitled to take a meal break.

20.     Defendant denies the allegations made in Paragraph 20 of the Complaint, and strict proof of the same is required.

21.     Defendant denies the allegations made in Paragraph 21 of the Complaint, and strict proof of the same is required.

22.     Defendant denies the allegations made in Paragraph 22 of the Complaint, and strict proof of the same is required.

23.     Defendant denies the allegations made in Paragraph 23 of the Complaint, and strict proof of the same is required.

24.     Defendant denies the allegations made in Paragraph 24 of the Complaint, and strict proof of the same is required.

25.     Defendant admits the allegations made in Paragraph 25 of the Complaint.

26.     Some photographers do wash the muslin backdrops and blankets used in photography sessions.  Some also buy, create and/or maintain props for photography sessions. All other allegations made in Paragraph 26 of the Complaint are denied, and strict proof of the same is required.

27.     Defendant denies that Plaintiffs are entitled to any form of damages as described in Paragraph 27 of the Complaint or otherwise based on not being compensated according to applicable state and federal law.  The allegations of such entitlement made in this Paragraph are therefore denied, and strict proof of the same is required.

28.     Defendant admits that Plaintiffs are purporting to represent others similarly situated who are current and former employees of Defendant.  Subject to subsequent disclosure

of the identity of and notice to such individuals, and confirmation that they are in fact current and former employees of Defendant, Defendant admits that during the period(s) these employees and the named Plaintiffs worked for Defendant they were subject to the wage and hour laws of the state in which the work was performed and/or the provisions of the federal FLSA.

29.     Upon information and belief, Defendant admits the first sentence of Paragraph 29 of the Complaint.  Defendant also admits that Ms. Applegate-Walton was an hourly employee of Defendant between approximately March 2008 and August 2009 in Morristown, Tennessee. Defendant also admits that Ms. Applegate-Walton was a Studio Photographer during a portion of her employment with Defendant.  Defendant denies all other allegations made in Paragraph 29 of the Complaint, and strict proof of the same is required.

30.     Defendant admits that Ms. Kendrick-Monger was employed by Defendant on an hourly basis as a Studio Photographer Trainer from October 2007 until March 2008.  Defendant further admits that Ms. Kendrick-Monger worked for Defendant in Tennessee, North Carolina and South Carolina from March of 2008 until her resignation in January of 2009.  Defendant also admits that Ms. Kendrick-Monger was paid on an hourly basis until April of 2008.  All other allegations made in Paragraph 30 of the Complaint are denied, and strict proof of the same is required.

31.     Defendant admits all of the allegations made in Paragraph 31 of the Complaint with the exception that Ms. Melton worked as a Studio Photographer from March 2004 to August of 2004 and was alternatively employed as a Trainer, Assistant District Manager or Marketing Manager from May of 2005 to March of 2006 and was employed as a Studio Photographer again from March 2006 until November of 2007 rather than the dates stated in this

Paragraph of the Complaint. Defendant also denies the allegations made in the last sentence of this Paragraph to the extent they contradict the other portions of it.

32. Defendant admits the allegations made in Paragraph 32 of the Complaint.

33. Defendant admits the allegations made in Paragraph 33 of the Complaint.

34. Upon information and belief, Defendant admits the allegations made in the first sentence of Paragraph 34 of the Complaint. Defendant also admits the allegations made in the third sentence of this Paragraph. Defendant admits that Ms. Hughes was an hourly employee of Defendant who worked for Defendant in Morganton, North Carolina, but disputes the periods of employment stated in Paragraph 34 of the Complaint. Defendant also denies that Ms. Hughes is a current employee of Defendant.

35. Defendant admits the allegations made in Paragraph 35 of the Complaint.

36. Defendant admits that Representative Plaintiff Latricia Wilkins was intermittently employed by Defendant on an hourly basis from approximately September 2006 until April 2008 in and around the Southeast Florida area. Defendant also admits that Ms. Wilkins was a Studio Photographer during a portion of her employment with Defendant and that she was paid on an hourly basis. All other allegations made in Paragraph 36 of the Complaint are denied, and strict proof of the same is required.

37. Upon information and belief, Defendant admits that Representative Plaintiff Jasmine Bemore resides in the State of California, in Sacramento County. Ms. Bemore has worked intermittently as an hourly employee of Defendant in the Sacramento area since approximately June of 2007, but she has not performed any work for Defendant since May of 2009 when she began a medical leave from which she has not returned.

38.     Defendant admits that Representative Lizabeth Barron has been employed by Defendant since approximately September 2006.  Defendant also admits that Ms. Barron was a Studio Photographer from September of 2006 until October of 2007.  Defendant also admits that Ms. Barron has been paid on an hourly basis for all relevant time periods during which she has worked for Defendant.  Defendant also admits that since March of 2009 Ms. Barron has been employed by Defendant as an Assistant District Manager.  Ms. Barron is presently employed in this position with Defendant.  All other allegations made in Paragraph 38 of the Complaint are denied, and strict proof of the same is required.

39.     Defendant admits the allegations made in Paragraph 39 of the Complaint.

40.     Upon information and belief, Defendant admits the allegations made in the first sentence of Paragraph 40 of the Complaint.  Defendant denies that Ms. Galvez is still employed with Defendant.  All other allegations made in Paragraph 40 of the Complaint are admitted.

41.     Upon information and belief, Defendant admits the allegations made in the first sentence of Paragraph 41 of the Complaint.  Defendant also admits that Ms. Martinez was an hourly employee of Defendant who worked in its Pinole portrait studio during the period of approximately March to December of 2007 and then again from May of 2008 to February of 2009.  Ms. Martinez may have filled in at other studios on occasional basis during these periods as well.  Defendant also admits the allegations made in the last sentence of Paragraph 41 of the Complaint.

42.     Upon information and belief, Defendant admits that Representative Plaintiff Deanna Montoya resides in the State of California in San Joaquin County.  Defendant moves to strike reference to periods of Ms. Montoya's employment which are outside the statutes of

limitation for her claims in this matter. Subject to this request, Defendant admits the other allegations made in Paragraph 42 of the Complaint.

43.     Upon information and belief, Defendant admits the allegations made in the first sentence of Paragraph 43 of the Complaint. Defendant also admits the allegations made in the last sentence of this Paragraph. All other allegations made in this Paragraph are denied, and strict proof of the same is required.

44.     Upon information and belief, Defendant admits that Representative Plaintiff Vanessa Velez resides in the State of California, in Sacramento County. Defendant also admits that Ms. Velez was employed by Defendant as an hourly employee and as such worked at various California portrait studios beginning in May of 2007. Defendant denies that Ms. Velez is currently employed by Defendant. Defendant admits the allegations made in the last sentence of Paragraph 44 of the Complaint.

45.     Defendant admits that Representative Plaintiff Gina Baradell was intermittently employed by Defendant on an hourly basis as a Studio Photographer during the period of approximately 2003 until December of 2006 in Louisiana and Georgia. Defendant moves to strike reference to periods of Ms. Baradell's employment which are outside of the statutes of limitation of her claims in this matter. Defendant admits the allegations made in the last sentence of Paragraph 45 of the Complaint.

46.     Defendant admits the allegations made in Paragraph 46 of the Complaint.

47.     Defendant admits the allegations made in Paragraph 47 of the Complaint.

48.     Defendant admits the allegations made in Paragraph 48 of the Complaint.

49.     Defendant admits the allegations made in Paragraph 49 of the Complaint.

50.     Defendant admits the allegations made in Paragraph 50 of the Complaint.

51.     Defendant admits the allegations made in Paragraph 51 of the Complaint.

52.     Defendant admits the allegations made in Paragraph 52 of the Complaint.

53.     Defendant is not contesting this Court's jurisdiction over the claims asserted by the Plaintiffs in this matter.

54.     Defendant is not contesting this Court's jurisdiction over the claims asserted by the Plaintiffs in this matter.  Defendant denies that the Plaintiffs or the class they purport to represent are entitled to any damages in the form of unpaid compensation, statutory damages, penalties and liquidated damages or otherwise.  Defendant admits that if a class of all Studio Photographers which have been employed by it in the United States during the relevant period is certified it will exceed 100 members.  Defendant is not contesting the jurisdiction of this Court on diversity grounds.

55.     Defendant is not contesting that the venue of this case is proper.  Defendant also admits that its primary place of business is in Tennessee.

56.     Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 56 of the Complaint.

57.     Defendant admits the allegations made in Paragraph 57 of the Complaint (although by "nationwide" Defendant is not admitting that it operates portrait studios in every state).

58.     Defendant admits the allegations made in Paragraph 58 of the Complaint (although by "nationwide" Defendant is not admitting that it employs photographers in every state).

59.     Defendant admits the allegations made in Paragraph 59 of the Complaint.

60.     Defendant admits the allegations made in Paragraph 60 of the Complaint.

61. Defendant admits the allegations made in Paragraph 61 of the Complaint.

62. Defendant denies the allegations made in Paragraph 62 of the Complaint, and strict proof of the same is required.

63. Defendant denies the allegations made in Paragraph 63 of the Complaint as a generalized statement referring to all Plaintiffs at all times referred to herein, and strict proof of the same is required.

64. Defendant denies the allegations made in Paragraph 64 of the Complaint as a generalized statement referring to all Plaintiffs at all times referred to herein, and strict proof of the same is required.

65. Defendant denies the allegations made in Paragraph 65 of the Complaint, and strict proof of the same is required.

66. Defendant denies the allegations made in Paragraph 66 of the Complaint, and strict proof of the same is required.

67. Defendant denies the allegations made in Paragraph 67 of the Complaint, and strict proof of the same is required.

68. Defendant denies the allegations made in Paragraph 68 of the Complaint, and strict proof of the same is required.

69. Defendant denies the allegations made in Paragraph 69 of the Complaint, and strict proof of the same is required.

70. Defendant denies the allegations made in Paragraph 70 of the Complaint, and strict proof of the same is required.

71. Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 71 of the Complaint.

72.     Defendant denies the allegations made in Paragraph 72 of the Complaint, and strict proof of the same is required.

73.     Defendant denies the allegations made in Paragraph 73 of the Complaint, and strict proof of the same is required.

74.     Defendant denies the allegations made in Paragraph 74 of the Complaint, and strict proof of the same is required.

75.     Defendant denies the allegations made in Paragraph 75 of the Complaint, and strict proof of the same is required.

76.     Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 76 of the Complaint.

77.     Defendant denies the violations described in Paragraph 77 of the Complaint, and strict proof of the same is required.  Defendant also denies that this action meets the criteria of a class as required by *Fed.R.Civ.Pro.* 23(a), (b)(2) and/or (b)(3).

78.     Defendant denies that this action, and specifically the allegations relating to the Representative Plaintiffs listed in Paragraph 78 of the Complaint and other current and former employees working in California whom they purport to represent meet the criteria of a class as required by *Fed.R.Civ.Pro.* 23(a), (b)(2) and/or (b)(3).

79.     Defendant denies the allegations made in Paragraph 79 of the Complaint, and strict proof of the same is required.

80.     Defendant denies the allegations made in Paragraph 80 of the Complaint, and strict proof of the same is required.

81.     Defendant admits that some expenses incurred in discharging employment duties are reimbursable under California wage and hour law.  However, Defendant denies that all of the

expenses alleged by the Representative Plaintiffs in this matter are reimbursable under these laws or otherwise.

82.     Defendant denies the allegations made in Paragraph 82 of the Complaint, and strict proof of the same is required.

83.     Defendant admits that California wage and hour law provides that employers are to allow employees to take rest breaks under certain circumstances.  However, Defendant denies that such circumstances existed regarding the Plaintiffs and/or all of the employees in the putative class for all days worked by the same as employees of Defendant.

84.     Defendant admits that California wage and hour law provides that employers are to allow employees to take rest breaks under certain circumstances.  However, Defendant denies that such circumstances existed regarding the Plaintiffs and/or all of the employees in the putative class for all days worked by the same as employees of Defendant.

85.     Defendant admits that California wage and hour law provides that employers are to allow employees to take meal periods under certain circumstances.  However, Defendant denies that such circumstances existed regarding the Plaintiffs and/or all of the employees in the putative class for all days worked by the same as employees of Defendant.

86.     Defendant admits the general statement of California law made in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations made in Paragraph 87 of the Complaint, and strict proof of the same is required.

88.     Defendant denies the allegations made in Paragraph 88 of the Complaint, and strict proof of the same is required.

89. Defendant denies the allegations made in Paragraph 89 of the Complaint, and strict proof of the same is required.

90. Defendant admits the general statement of California law made in Paragraph 90 of the Complaint.

91. Defendant denies the allegations made in Paragraph 91 of the Complaint, and strict proof of the same is required.

92. Defendant denies the allegations made in Paragraph 92 of the Complaint, and strict proof of the same is required.

93. Defendant denies the allegations made in Paragraph 93 of the Complaint, and strict proof of the same is required.

94. Defendant denies the allegations made in Paragraph 94 of the Complaint, and strict proof of the same is required.

95. This Paragraph contains the Plaintiffs' description of the proposed California Class. Defendant denies that sufficient basis exists to certify such a class.

96. This Paragraph contains the Plaintiffs' description of the proposed California Class. Defendant denies that sufficient basis exists to certify such a class.

97. Defendant denies that common questions of fact and law predominate over any questions that effect only individual class members. Defendant also denies that it has committed any of the alleged violations described in Paragraph 97 of the Complaint, and requires strict proof of the same.

98. Defendant denies that the claims of the California Representative Plaintiffs are typical of the claims of the alleged members of the wage and hour class as described in Paragraph 98 of the Complaint or otherwise.

99.    Defendant denies that the claims of the California Representative Plaintiffs are typical of the claims of the alleged members of the wage and hour class as described in Paragraph 99 of the Complaint or otherwise. Defendant also denies that there is not a conflict between the Representative Plaintiffs' claims and those of the putative class members. Defendant admits that Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation.

100.    Defendant denies the allegations made in Paragraph 100 of the Complaint, and strict proof of the same is required.

101.    Defendant denies the allegations made in Paragraph 101 of the Complaint, and strict proof of the same is required.

102.    Defendant denies that this action, and specifically the allegations relating to the Representative Plaintiffs listed in Paragraph 102 of the Complaint and other current and former employees working in North Carolina whom they purport to represent meet the criteria of a class as required by *Fed.R.Civ.Pro.* 23(a) and (b)(3).

103.    Defendant denies the allegations made in Paragraph 103 of the Complaint, and strict proof of the same is required.

104.    Defendant denies the allegations made in Paragraph 104 of the Complaint, and strict proof of the same is required.

105.    This Paragraph contains the Plaintiffs' description of the proposed North Carolina Class. Defendant denies that sufficient basis exists to certify such a class.

106.    This Paragraph contains the Plaintiffs' description of the proposed North Carolina Class. Defendant denies that sufficient basis exists to certify such a class.

107.     Defendant denies that common questions of fact and law predominate over any questions that effect only individual class members.  Defendant also denies that it has committed any of the alleged violations described in Paragraph 107 of the Complaint, and requires strict proof of the same.

108.     Defendant denies that the claims of the North Carolina Representative Plaintiffs are typical of the claims of the alleged members of the wage and hour class as described in Paragraph 108 of the Complaint or otherwise.

109.     Defendant denies that the claims of the North Carolina Representative Plaintiffs are typical of the claims of the alleged members of the wage and hour class as described in Paragraph 109 of the Complaint or otherwise.  Defendant also denies that there is not a conflict between the Representative Plaintiffs' claims and those of the putative class members.  Defendant admits that Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation.

110.     Defendant denies the allegations made in Paragraph 110 of the Complaint, and strict proof of the same is required.

111.     Defendant denies the violations described in Paragraph 111 of the Complaint, and strict proof of the same is required.  Defendant further denies that this action, and specifically the allegations relating to the Representative Plaintiffs listed in Paragraph 111 of the Complaint and other current and former employees working in Florida whom they purport to represent meet the criteria of a class as required by *Fed.R.Civ.Pro.* 23(a), (b)(2) and (b)(3).  Defendant also denies that Plaintiffs are entitled to any unpaid compensation or other forms of damages, liquidated damages, costs or attorney fees as sought in Paragraph 111 of the Complaint or otherwise.

112. This Paragraph contains the Plaintiffs' description of the proposed Florida Class. Defendant denies that sufficient basis exists to certify such a class pursuant to *Fed.R.Civ.Pro.* 23(a) and (b)(3).

113. Defendant denies the allegations made in Paragraph 113 of the Complaint, and strict proof of the same is required.

114. Defendant denies the allegations made in Paragraph 114 of the Complaint, and strict proof of the same is required. Defendant specifically denies that Plaintiffs are entitled to any unpaid compensation, liquidated damages, costs or attorney fees as sought in Paragraph 114 of the Complaint or otherwise.

115. This Paragraph contains the Plaintiffs' description of the proposed Florida Class. Defendant denies that sufficient basis exists to certify such a class.

116. This Paragraph contains the Plaintiffs' description of the proposed Florida Class. Defendant denies that sufficient basis exists to certify such a class.

117. Defendant denies that common questions of fact and law predominate over any questions that effect only individual class members. Defendant also denies that it has committed any of the alleged violations described in Paragraph 117 of the Complaint, and requires strict proof of the same.

118. Defendant denies that the claims of the Florida Representative Plaintiffs are typical of the claims of the alleged members of the wage and hour class as described in Paragraph 118 of the Complaint or otherwise.

119. Defendant denies that the claims of the Florida Representative Plaintiffs are typical of the claims of the alleged members of the wage and hour class as described in Paragraph 119 of the Complaint or otherwise. Defendant also denies that there is not a conflict

between the Representative Plaintiffs' claims and those of the putative class members. Defendant admits that Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation.

120. Defendant denies the allegations made in Paragraph 120 of the Complaint, and strict proof of the same is required.

121. Defendant denies the violations described in Paragraph 121 of the Complaint, and strict proof of the same is required. Defendant further denies that this action, and specifically the allegations relating to the Representative Plaintiffs listed in Paragraph 121 of the Complaint and other current and former employees working in New York whom they purport to represent meet the criteria of a class as required by *Fed.R.Civ.Pro.* 23(a), (b)(2) and (b)(3). Defendant also denies that Plaintiffs are entitled to any unpaid compensation, prejudgment interest, costs or attorney fees as sought in Paragraph 121 of the Complaint or otherwise.

122. This Paragraph contains the Plaintiffs' description of the proposed New York Class. Defendant denies that sufficient basis exists to certify such a class pursuant to *Fed.R.Civ.Pro.* 23(a) and (b)(3).

123. Defendant denies the allegations made in Paragraph 123 of the Complaint, and strict proof of the same is required.

124. Defendant denies the allegations made in Paragraph 124 of the Complaint, and strict proof of the same is required.

125. This Paragraph contains the Plaintiffs' description of the proposed New York Class. Defendant denies that sufficient basis exists to certify such a class.

126. This Paragraph contains the Plaintiffs' description of the proposed New York Class. Defendant denies that sufficient basis exists to certify such a class.

127.     Defendant denies that common questions of fact and law predominate over any questions that effect only individual class members.  Defendant also denies that it has committed any of the alleged violations described in Paragraph 127 of the Complaint, and requires strict proof of the same.

128.     Defendant denies that the claims of the New York Representative Plaintiffs are typical of the claims of the alleged members of the wage and hour class as described in Paragraph 128 of the Complaint or otherwise.

129.     Defendant denies that the claims of the New York Representative Plaintiffs are typical of the claims of the alleged members of the wage and hour class as described in Paragraph 129 of the Complaint or otherwise.  Defendant also denies that there is not a conflict between the Representative Plaintiffs' claims and those of the putative class members.  Defendant admits that Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation.

130.     Defendant denies the allegations made in Paragraph 130 of the Complaint, and strict proof of the same is required.

131.     Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 131 of the Complaint.

132.     Without conceding what times are material to the Complaint, Defendant admits that at one time or another each of the named Plaintiffs has been employed by it.

133.     Defendant denies the allegations made in Paragraph 133 of the Complaint, and strict proof of the same is required.

134.     Defendant admits that during the course of their employment, Plaintiffs did perform "work" for the benefit of Defendant.  Defendant is not admitting that it suffered,

permitted and/or allowed Plaintiffs to perform all of the work they have otherwise alleged in the Complaint.

135.    Defendant denies the allegations made in Paragraph 135 of the Complaint, and strict proof of the same is required.

136.    Defendant denies the allegations made in Paragraph 136 of the Complaint, and strict proof of the same is required.

137.    Defendant denies the allegations made in Paragraph 137 of the Complaint, and strict proof of the same is required.

138.    Defendant denies the allegations made in Paragraph 138 of the Complaint, and strict proof of the same is required.

139.    Defendant denies that the California Representative Plaintiffs, on their own behalf or on behalf of others similarly situated, are entitled to any unpaid compensation or other damages, liquidated damages, pre- and/or post-judgment interest, costs or attorney fees pursuant to the FLSA as alleged in Paragraph 139 of the Complaint or otherwise.

140.    Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 140 of the Complaint.

141.    Without conceding what times are material to the Complaint, Defendant admits that at one time or another each of the named Plaintiffs has been employed by it.  Subject to disclosure of the identity of and notice to the putative class members described in this matter, Defendant will identify those who were employed by it during the material periods relating to their claims in this lawsuit.

142.    Defendant admits the general statement of California law made in Paragraph 142 of the Complaint.

143.     Defendant denies the allegations made in Paragraph 143 of the Complaint, and strict proof of the same is required.

144.     Defendant denies that the California Representative Plaintiffs, on their own behalf or on behalf of others similarly situated, are entitled to any unpaid compensation or other damages, statutory wages, interest, disbursements, costs or attorney fees pursuant to California law as alleged in Paragraph 144 of the Complaint or otherwise.

145.     Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 145 of the Complaint.

146.     Without conceding what times are material to the Complaint, Defendant admits that at one time or another each of the named Plaintiffs has been employed by it.  Subject to disclosure of the identity of and notice to the putative class members described in this matter, Defendant will identify those who were employed by it during the material periods relating to their claims in this lawsuit.

147.     Defendant admits the general statement of California law made in Paragraph 147 of the Complaint.

148.     Defendant denies the allegations made in Paragraph 148 of the Complaint, and strict proof of the same is required.

149.     Defendant denies that the California Representative Plaintiffs, on their own behalf or on behalf of others similarly situated, are entitled to any unpaid compensation or statutory wages pursuant to California law as alleged in Paragraph 149 of the Complaint or otherwise.

150.     Defendant denies that the California Representative Plaintiffs, on their own behalf or on behalf of others similarly situated, are entitled to any unpaid compensation or other

damages, statutory wages, interest, disbursements, costs or attorney fees pursuant to California law as alleged in Paragraph 150 of the Complaint or otherwise.

151.    Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 151 of the Complaint.

152.    Without conceding what times are material to the Complaint, Defendant admits that at one time or another each of the named Plaintiffs has been employed by it.  Subject to disclosure of the identity of and notice to the putative class members described in this matter, Defendant will identify those who were employed by it during the material periods relating to their claims in this lawsuit.

153.    Defendant denies the allegations made in Paragraph 153 of the Complaint, and strict proof of the same is required.

154.    Defendant denies the allegations made in Paragraph 154 of the Complaint, and strict proof of the same is required.

155.    Defendant denies the allegations made in Paragraph 155 of the Complaint, and strict proof of the same is required.

156.    Defendant denies the allegations made in Paragraph 156 of the Complaint, and strict proof of the same is required.

157.    Defendant denies that the California Representative Plaintiffs, on their own behalf or on behalf of others similarly situated, are entitled to any unpaid compensation or other damages, disbursements, costs or attorney fees pursuant to California law as alleged in Paragraph 157 of the Complaint or otherwise.

158.    Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 158 of the Complaint.

159.     Without conceding what times are material to the Complaint, Defendant admits that at one time or another each of the named Plaintiffs has been employed by it.  Subject to disclosure of the identity of and notice to the putative class members described in this matter, Defendant will identify those who were employed by it during the material periods relating to their claims in this lawsuit.

160.     Defendant denies the allegations made in Paragraph 160 of the Complaint, and strict proof of the same is required.

161.     Defendant denies that the California Representative Plaintiffs, on their own behalf or on behalf of others similarly situated, are entitled to any unpaid compensation or other damages, statutory wages, interest, disbursements, costs or attorney fees pursuant to California law as alleged in Paragraph 161 of the Complaint or otherwise.

162.     Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 162 of the Complaint.

163.     Without conceding what times are material to the Complaint, Defendant admits that at one time or another each of the named Plaintiffs has been employed by it.  Subject to disclosure of the identity of and notice to the putative class members described in this matter, Defendant will identify those who were employed by it during the material periods relating to their claims in this lawsuit.

164.     Defendant denies the allegations made in Paragraph 164 of the Complaint, and strict proof of the same is required.

165.     Defendant denies the allegations made in Paragraph 165 of the Complaint, and strict proof of the same is required.

166.    Defendant denies the allegations made in Paragraph 166 of the Complaint, and strict proof of the same is required.

167.    Defendant denies the allegations made in Paragraph 167 of the Complaint, and strict proof of the same is required.

168.    Defendant denies the allegations made in Paragraph 168 of the Complaint, and strict proof of the same is required.

169.    Defendant denies that the California Representative Plaintiffs, on their own behalf or on behalf of others similarly situated, are entitled to any unpaid compensation or other damages, liquidated damages, statutory wages, disbursements, costs or attorney fees pursuant to California law as alleged in Paragraph 169 of the Complaint or otherwise.

170.    Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 170 of the Complaint.

171.    Without conceding what times are material to the Complaint, Defendant admits that at one time or another each of the named Plaintiffs has been employed by it.  Subject to disclosure of the identity of and notice to the putative class members described in this matter, Defendant will identify those who were employed by it during the material periods relating to their claims in this lawsuit.

172.    Defendant denies the allegations made in Paragraph 172 of the Complaint, and strict proof of the same is required.

173.    Defendant denies the allegations made in Paragraph 173 of the Complaint, and strict proof of the same is required.

174.    Defendant denies the allegations made in Paragraph 174 of the Complaint, and strict proof of the same is required.

175.     Defendant denies the allegations made in Paragraph 175 of the Complaint, and strict proof of the same is required.

176.     Defendant denies that the California Representative Plaintiffs, on their own behalf or on behalf of others similarly situated, are entitled to any unpaid expense reimbursements or other damages, disbursements, costs or attorney fees pursuant to California law as alleged in Paragraph 176 of the Complaint or otherwise.

177.     Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 177 of the Complaint.

178.     Without conceding what times are material to the Complaint, Defendant admits that at one time or another each of the named Plaintiffs has been employed by it.  Subject to disclosure of the identity of and notice to the putative class members described in this matter, Defendant will identify those who were employed by it during the material periods relating to their claims in this lawsuit.

179.     Defendant denies the allegations made in Paragraph 179 of the Complaint, and strict proof of the same is required.

180.     Defendant admits that during the course of their employment, Plaintiffs did perform "work" for the benefit of Defendant.  Defendant is not admitting that it suffered, permitted and/or allowed Plaintiffs to perform all of the work they have otherwise alleged in the Complaint.

181.     Defendant denies the allegations made in Paragraph 181 of the Complaint, and strict proof of the same is required.

182.     Defendant admits that it is possible that California Representative Plaintiffs and putative class members performed work for Defendant in excess of the statutory maximum of

eight hours per day and/or forty hours per week on occasion. However, Defendant denies that the California Representative Plaintiffs and putative class members were not paid the overtime and other premium wages required by California law so as to now be entitled to recover any amount in unpaid overtime or double time wages pursuant to California law as described in Paragraph 182 of the Complaint or otherwise.

183. Defendant denies the allegations made in Paragraph 183 of the Complaint, and strict proof of the same is required.

184. Defendant denies that the California Representative Plaintiffs, on their own behalf or on behalf of others similarly situated, are entitled to any unpaid compensation or other damages, statutory wages, civil penalties, disbursements, costs or attorney fees pursuant to California law as alleged in Paragraph 184 of the Complaint or otherwise.

185. Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 185 of the Complaint.

186. Without conceding what times are material to the Complaint, Defendant admits that at one time or another each of the named Plaintiffs has been employed by it. Subject to disclosure of the identity of and notice to the putative class members described in this matter, Defendant will identify those who were employed by it during the material periods relating to their claims in this lawsuit.

187. Defendant admits the statements made in Paragraph 187 of the Complaint.

188. Defendant denies the allegations made in Paragraph 188 of the Complaint, and strict proof of the same is required.

189. Defendant denies that the California Representative Plaintiffs, on their own behalf or on behalf of others similarly situated, are entitled to any actual or other damages, interest,

costs or attorney fees pursuant to California law or otherwise as alleged in Paragraph 189 of the Complaint.

190.    Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 190 of the Complaint.

191.    Without conceding what times are material to the Complaint, Defendant admits that at one time or another each of the named Plaintiffs has been employed by it. Subject to disclosure of the identity of and notice to the putative class members described in this matter, Defendant will identify those who were employed by it during the material periods relating to their claims in this lawsuit.

192.    Defendant denies the allegations made in Paragraph 192 of the Complaint, and strict proof of the same is required.

193.    Defendant denies the allegations made in Paragraph 193 of the Complaint, and strict proof of the same is required.

194.    Defendant denies the allegations made in Paragraph 194 of the Complaint, and strict proof of the same is required.

195.    Defendant denies the allegations made in Paragraph 195 of the Complaint, and strict proof of the same is required.

196.    Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 196 of the Complaint.

197.    Without conceding what times are material to the Complaint, Defendant admits that at one time or another each of the named Plaintiffs has been employed by it. Subject to disclosure of the identity of and notice to the putative class members described in this matter,

Defendant will identify those who were employed by it during the material periods relating to their claims in this lawsuit.

198.    Defendant admits the statement made in Paragraph 198 of the Complaint.

199.    Defendant admits the statements made in Paragraph 199 of the Complaint.

200.    Defendant denies the allegations made in Paragraph 200 of the Complaint, and strict proof of the same is required.

201.    Defendant denies that the North Carolina Representative Plaintiffs, on their own behalf or on behalf of others similarly situated, are entitled to any unpaid compensation or other damages, liquidated damages, interest, costs or attorney fees pursuant to North Carolina law as alleged in Paragraph 201 of the Complaint or otherwise.

202.    Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 202 of the Complaint.

203.    Without conceding what times are material to the Complaint, Defendant admits that at one time or another each of the named Plaintiffs has been employed by it. Subject to disclosure of the identity of and notice to the putative class members described in this matter, Defendant will identify those who were employed by it during the material periods relating to their claims in this lawsuit.

204.    Defendant admits the statements made in Paragraph 204 of the Complaint.

205.    Defendant agrees with the general statement of North Carolina law made in Paragraph 205 of the Complaint.

206.    Defendant denies the allegations made in Paragraph 206 of the Complaint, and strict proof of the same is required.

207.     Defendant denies the allegations made in Paragraph 207 of the Complaint, and strict proof of the same is required.

208.     Defendant denies that the North Carolina Representative Plaintiffs, on their own behalf or on behalf of others similarly situated, are entitled to any unpaid compensation or other damages, liquidated damages, interest, costs or attorney fees pursuant to North Carolina law as alleged in Paragraph 208 of the Complaint or otherwise.

209.     Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 209 of the Complaint.

210.     Without conceding what times are material to the Complaint, Defendant admits that at one time or another each of the named Plaintiffs has been employed by it.  Subject to disclosure of the identity of and notice to the putative class members described in this matter, Defendant will identify those who were employed by it during the material periods relating to their claims in this lawsuit.

211.     Defendant admits the statements made in Paragraph 211 of the Complaint.

212.     Defendant denies the allegations made in Paragraph 212 of the Complaint, and strict proof of the same is required.

213.     Defendant denies that the Florida Representative Plaintiffs, on their own behalf or on behalf of others similarly situated, are entitled to any unpaid compensation or other damages, liquidated damages, interest, costs or attorney fees pursuant to Florida law as alleged in Paragraph 213 of the Complaint or otherwise.

214.     Defendant hereby incorporates by reference all previous Paragraphs of this Answer as if fully restated here in response to Paragraph 214 of the Complaint.

215. Without conceding what times are material to the Complaint, Defendant admits that at one time or another each of the named Plaintiffs has been employed by it. Subject to disclosure of the identity of and notice to the putative class members described in this matter, Defendant will identify those who were employed by it during the material periods relating to their claims in this lawsuit.

216. Defendant denies the allegations made in Paragraph 216 of the Complaint, and strict proof of the same is required.

217. Defendant denies the statement made in the first sentence of Paragraph 217 of the Complaint. Defendant admits the general statements of New York law made in the remainder of this Paragraph.

218. Defendant denies the allegations made in Paragraph 218 of the Complaint, and strict proof of the same is required.

219. Defendant denies the allegations made in Paragraph 219 of the Complaint, and strict proof of the same is required.

220. Defendant denies that the New York Representative Plaintiffs, on behalf of themselves and others similarly situated, are entitled to any underpayments, liquidated damages or other legal and/or equitable relief from Defendant as described in Paragraph 220 of the Complaint or otherwise.

221. Defendant denies that the New York Representative Plaintiffs, on behalf of themselves and others similarly situated, are entitled to any unpaid compensation or other damages, pre-judgment interest, costs or attorney fees pursuant to New York labor law as alleged in Paragraph 221 of the Complaint or otherwise.

222. Any and all allegations made in the Complaint which have not been specifically admitted or denied heretofore are here and now denied just as those specifically denied above.

## PRAYER FOR RELIEF

The allegations set forth on pages 34 and 35 of the Complaint and numbered as Paragraphs 1 and 2 (subparts a.-f. and a.-i., respectively) are requests for relief and, as such, require no response by Defendant. However, to the extent a response is required to this section of the Complaint, Defendant submits that the Representative Plaintiffs and the putative class members are not entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint and every alleged cause of action therein fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and every alleged cause of action therein is barred in whole or in part by the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

The Complaint and every alleged cause of action therein is barred in whole or in part by the equitable doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint and every alleged cause of action therein is barred in whole or in part by the equitable doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint and every alleged cause of action therein is barred in whole or in part by the equitable doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

The Representative Plaintiffs lack standing to bring each and every alleged cause of action set forth in the Complaint, both individually and as a representative of the putative class.

## SEVENTH AFFIRMATIVE DEFENSE

Certification of a class and/or allowing the action to proceed with the Representative Plaintiffs as representatives of the putative class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint and every cause of action therein is barred by the applicable statutes of limitation set forth in the California Code of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

The Complaint and every cause of action therein is barred by the applicable statutes of limitation set forth in New York Labor law.

## TENTH AFFIRMATIVE DEFENSE

The Complaint and every cause of action therein is barred by the applicable statutes of limitation set forth in North Carolina law.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint and every cause of action therein is barred by the applicable statutes of limitation set forth in Tennessee law.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint and every cause of action therein is barred by the applicable statutes of limitation set forth in Florida law.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint and every cause of action therein is barred by the applicable statutes of limitation set forth in federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint and every alleged cause of action therein are barred because, to the extent Defendant owed any duties or obligations to the Representative Plaintiffs and/or members of the putative class, such duties or obligations have been fully performed, satisfied or discharged.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint and every alleged cause of action therein are barred by the Representative Plaintiffs' and/or the putative class members' own breach of duties owed to Defendant, including but not limited to those provided under California Labor Code § 2856.

## SIXTEENTH AFFIRMATIVE DEFENSE

The California Representative Plaintiffs and members of the California putative class claims are barred to the extent they claim any right to premium pay for multiple meal and/or rest period violations in a single work day because California Labor Code § 226.7 provides for only a single hour of premium pay per day.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The California Representative Plaintiffs' and the California putative class members' claims arise from a good-faith dispute of fact or law and, as such, these Plaintiffs and putative class members are not entitled to recover any penalties under the California Labor Code or otherwise under California statutory or common law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The New York Representative Plaintiffs' and the New York putative class members' claims arise from a good-faith dispute of fact or law and, as such, these Plaintiffs and putative

class members are not entitled to recover any penalties under New York Labor Law or otherwise under New York statutory law or common.

## NINETEENTH AFFIRMATIVE DEFENSE

The North Carolina Representative Plaintiffs' and the North Carolina putative class members' claims arise from a good-faith dispute of fact or law and, as such, these Plaintiffs and putative class members are not entitled to recover any penalties under North Carolina wage and hour law or otherwise under North Carolina statutory law or common.

## TWENTIETH AFFIRMATIVE DEFENSE

The Florida Representative Plaintiffs' and the Florida putative class members' claims arise from a good-faith dispute of fact or law and, as such, these Plaintiffs and putative class members are not entitled to recover any penalties under Florida wage and hour law or otherwise under Florida statutory law or common.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The cause of action stated in the Complaint (Paragraphs 192-195) for unfair business practices under California Business and Professions Code § 17200 *et. seq.* is barred because even if the California Representative Plaintiffs and/or putative class members suffered any injury, which Defendant denies, it was not caused by any unlawful policy, custom, practice, procedure, act or omission promulgated and/or tolerated by Defendant. To the extent any such practice was engaged in, which Defendant denies, any such practice is not continuing.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Even if the California Representative Plaintiffs and/or any California putative class member is entitled to additional compensation for hours worked, which Defendant denies, Defendant has not willfully or intentionally failed to pay any such additional compensation to a

Representative Plaintiff or any putative class member so as to justify an award of statutory or other penalties, whether alleged pursuant to the California Labor Code or otherwise.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint and every alleged cause of action therein cannot maintained against Defendant because any alleged losses or harms sustained by the Representative Plaintiffs and/or any putative class members, if any, which Defendant denies, resulted from causes other than any act or omission of Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any recovery by a Representative Plaintiff and/or any putative class member(s) is limited in whole or in part by this Plaintiff and/or putative class member's failure and/or refusal to mitigate his/her purported damages, if any, which Defendant denies.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any recovery by a Representative Plaintiff and/or any putative class member(s) is barred in whole or in part by the avoidable consequences doctrine.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Representative Plaintiffs and/or the putative class members are not entitled to a recovery of attorney fees in this matter.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint and each and every cause of action alleged therein is barred to the extent equitable relief is sought in that the Representative Plaintiffs and/or the putative class members are not entitled to any such relief with respect to any and all alleged violations of the California Law Code, California Business and Professions Code § 17200, *et. seq.*, or any other alleged wrongful conduct that has discontinued, ceased and is not likely to recur.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any recovery by the Representative Plaintiffs and/or any putative class member(s) under any of the causes of action alleged in the Complaint must be offset by any benefits and/or other money they have received from Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Complaint and the prosecution of this action is frivolous, vexatious and unreasonable, thereby entitling Defendant to recovery of its reasonable attorney fees.

## THIRTIETH AFFIRMATIVE DEFENSE

The Complaint and each cause of action set forth therein is barred in whole or in part because Defendant did not, and had no reason to, know that the Representative Plaintiffs and/or the putative class members performed the work alleged in the Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The Complaint and each cause of action set forth therein is barred in whole or in part because the Representative Plaintiffs and/or the putative class members made misrepresentations to Defendant which induced the conduct about which they now complain.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that there is no private right of action for an employee to recover damages or penalties under California Labor Code § 226.7.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that the California Representative Plaintiffs and/or the California putative class members were provided with meal periods and/or rest periods as required by the California Labor Code, the Industrial Welfare Commission and/or any other provisions of California law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that any purported failure of a California Representative Plaintiff and/or a California putative class member to take rest periods was the result of their own exercise of discretion, independent judgment and self-determination.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that any purported failure of a California Representative Plaintiff and/or a California putative class member to take meal periods was the result of their own exercise of discretion, independent judgment and self-determination.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that the California Representative Plaintiffs and/or putative class members failed to state facts sufficient to constitute a claim for waiting time penalties under California Labor Code § 203 to the extent that any person claiming such penalties did not resign or was not discharged prior to the filing of this action or was still employed at the time this action was filed.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because the principles of fairness and equity operate to bar the imposition of penalties under California Labor Code §§ 203, 226 and 226.7.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that its business actions or practices were not unfair, unlawful, fraudulent or deceptive within the meaning of California Business and Professions Code §17200, *et. seq.*

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendant alleges that the California Representative Plaintiffs and/or putative class members are barred from obtaining relief pursuant to their causes of action for violation of California Business and Professions Code §1720, *et. seq.* because California law does not permit representative actions where liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations.

## FORTIETH AFFIRMATIVE DEFENSE

Defendant alleges that the prayer for restitution pursuant to California Business and Professions Code § 17200 *et. seq.* is barred with respect to penalties of any nature.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that, pursuant to California Labor Code § 1194.2(b) liquidated damages should be denied or reduced because any alleged acts or omissions of Defendant were made in good faith, and Defendant had reasonable grounds for believing that the alleged acts or omissions did not violate any California Labor Code provision or any Wage Order(s) of the Industrial Welfare Commission of the State of California.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the North Carolina Representative Plaintiffs and/or putative class members were paid wages due on their regular paydays pursuant to North Carolina law.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that the North Carolina Representative Plaintiffs and/or putative class members were paid for all hours worked and compensation due as required by North Carolina law.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that no unauthorized wage deductions were made against the North Carolina Representative Plaintiffs and/or putative class members.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the Florida Representative Plaintiffs and/or putative class members were paid at least minimum wage for each hour worked pursuant to Florida law.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that the New York Representative Plaintiffs and/or the New York putative class members were paid for all work performed for the benefit of Defendant pursuant to New York Labor Law and the supporting New York State Department of Labor Regulations.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the New York Representative Plaintiffs and/or the New York putative class members were compensated at the agreed upon rate of pay for all hours worked pursuant to New York Labor Law.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that the New York Representative Plaintiffs and/or the New York putative class members were paid an additional hour at the minimum wage rate for every day in which they worked in excess of ten hours pursuant to New York Labor Law and the supporting New York State Department of Labor Regulations.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Defendant alleges that the Representative Plaintiffs and/or the putative class members were paid appropriate overtime compensation pursuant to applicable state and federal wage and hour laws.

## FIFTIETH AFFIRMATIVE DEFENSE

Any failure by Defendant to pay appropriate overtime or other wages as due pursuant to applicable state and federal wage and hour laws was committed in good faith such that no basis for liquidated or other statutory damages or penalties exists.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges upon information and belief that the Representative Plaintiffs' causes of action are or may be barred and/or relief is or may be limited due to after-acquired evidence of the Representative Plaintiffs' on-the-job and employment related misconduct.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that this suit may not be properly maintained as a class action because: (a) the Representative Plaintiffs have failed to plead and/or cannot establish the necessary procedural elements for class treatment; (b) the number of putative class members is too small to meet the numerousity requirement for a class action; (c) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (d) common issues of fact or law do not predominate, to the contrary, individual issues predominate; (e) the Representative Plaintiffs' claims are not representative or typical of the claims of the putative class; (f) the Representative Plaintiffs are not proper class representatives and/or (g) the Representative Plaintiffs cannot satisfy any of the requirements for class action treatment set forth in the *Federal Rules of Civil Procedure* 23. If the Court certifies a class in this action over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class to whom they apply based on their state of residency.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Representative Plaintiffs and/or the putative class members are not entitled to recover any special damages because the Representative Plaintiffs have failed to plead facts sufficient to support the recovery of such damages and Defendant committed no acts justifying an award of the same.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Defendant asserts that all or parts of the claims stated in the Complaint are barred by the applicable statute of limitations.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Defendant does not presently know all facts respecting the conduct of the Representative Plaintiffs and/or the putative class members sufficient to state all affirmative defenses at this time. Accordingly, Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Defendant prays as follows:

(1)     the Complaint be dismissed in its entirety with prejudice, and that the Representative Plaintiffs and any and all putative Plaintiffs or class members take nothing by their Complaint;

(2)     judgment be entered against the Representative Plaintiffs and any and all putative Plaintiffs or class members and in favor of Defendant;

(3)     Defendant be awarded its costs of suit and reasonable attorney fees incurred herein pursuant to California Labor Code § 218.5 and otherwise; and

(4)     the Court award Defendant such other and further relief as it deems appropriate.

Respectfully submitted,

MILLER & MARTIN PLLC

By: s/ T. Harold Pinkley
       Jennifer B. Robinson (#020380)
       T. Harold Pinkley (#009830)
       1200 One Nashville Place
       150 Fourth Avenue North
       Nashville, TN 37219-2433
       615-244-9270
       jrobinson@millermartin.com
       hpinkley@millermartin.com

       Attorneys for Defendant Olan Mills, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2010, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. All parties may access this filing through the Court's electronic filing system.

David Borgen
Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Drive
Suite 1000
Oakland, CA 94612
borgen@gdblegal.com

Marguerite M. Longoria
Burr & Smith LLP
442 W. Kennedy Boulevard
Suite 300
Tampa, FL 33606
mlongoria@burransmithlaw.com

M. Reid Estes, Jr.
Dickinson Wright PLLC
Fifth Third Center
424 Church Street
Suite 1401
Nashville, TN 37219-2392
REstes@Dickinson-Wright.com

Sam J. Smith
Burr & Smith LLP
442 W. Kennedy Boulevard
Suite 300
Tampa, FL 33606
ssmith@burrandsmithlaw.com


s/ T. Harold Pinkley