IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIRSTEN APPLEGATE-WALTON, CHARLENA KENDRICK-MONGER, JENNIFER MELTON, ALICIA RICHARDSON, AMANDA HANNAWI, KIMBERLY HUGHES, MELISSA BARTUSH, LATRICIA WILKINS, JASMINE BEMORE, LIZBETH BARRON, KRYSTAL BROOKS, CINDY GALVEZ, VIVIAN MARTINEZ, DEANNA MONTOYA, LATOYA PORTER, VANESSA VELEZ, GINA BARADELL, AND ASHLEIGH CONNELL, individually and on behalf of others similarly situated, Plaintiffs, v. OLAN MILLS, INC., Defendant. | Civil Case Number: 3:10-cv-00224  COLLECTIVE AND CLASS ACTION  Judge Nixon  Magistrate Judge Bryant |

**ORDER GRANTING (1) PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION STIPULATION OF SETTLEMENT AND PETITION FOR ATTORNEYS' FEES; (2) PROVISIONAL CERTIFICATION OF SETTLEMENT CLASSES; (3) DISTRIBUTION OF REVISED NOTICE OF WAGE/HOUR CLASS AND COLLECTIVE ACTION SETTLEMENT AND CLAIMS PROCEDURE, AND OPPORTUNITY TO OPT-OUT OF AND OBJECT TO SETTLEMENT; AND (4) SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT**

This matter comes before the Court on the Consented Motion of Plaintiffs in the captioned consolidated case, individually and on behalf of others similarly situated, for Preliminary Approval of a Stipulation and Settlement Agreement ("Settlement Agreement") and Entry of Preliminary Approval Order and Class Counsel's Motion for preliminary

Approval of Attorneys' Fees, Expenses, and Costs. Plaintiffs' assert claims against Defendant Olan Mills, Inc. (hereinafter "Olan Mills") on behalf of current and former Studio Photographers, and, for purposes of settlement only, they seek the certification of the following opt-out settlement classes pursuant to Rule 23 of the Federal Rule of Civil Procedure:

"California State Law Class:" any and all persons employed by Olan Mills as Studio Photographers in California at any time during the period from April 7, 2005 through and including November 28, 2009;

"Florida State Law Class:" any and all persons employed by Olan Mills as Studio Photographers in Florida at any time during the period from May 2, 2005 through and including November 28, 2009;

"New York State Law Class:" any and all persons employed by Olan Mills as Studio Photographers in New York at any time during the period from June 1, 2003 through and including November 28, 2009; and

"North Carolina State Law Class:" any and all persons employed by Olan Mills as Studio Photographers in North Carolina at any time during the period from April 9, 2006 through and including November 28, 2009.

The Plaintiffs also seek conditional certification of an opt-in settlement class pursuant to Section 216(b) of the FLSA of any and all persons employed by Olan Mills as Studio Photographers in the United States during any week worked during the period from April 9, 2006 through and including November 28, 2009.

The parties also request preliminary approval of disbursement from the gross settlement amount of $10,000 each to Plaintiffs Lizbeth Barron, Jasmine Bemore, Vivian Martinez, Deanna Montoya, Vanessa Velez, to release claims for sexual harassment, retaliation, and pregnancy discrimination in violation of the California Fair Employment and Housing Act, Gov. Code section 12940(j)(l); to Plaintiff Kimberly Hughes to release a claim of retaliation in violation of the FLSA; and to Kirsten Applegate-Walton to release a claim of pregnancy discrimination in violation of Pregnancy Discrimination Act at Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e(k).

The Plaintiffs have moved the Court to enter a Preliminary Approval Order: (1) preliminarily approving the Settlement; (2) designating the named Plaintiffs as Class Representatives; (3) designating Plaintiffs' counsel as Class Counsel and preliminarily approving Class Counsel's request for attorneys' fees, expenses and costs; (4) provisionally approving of the *Cy Pres* The Employee Rights Advocacy Institute for Law and Policy; (5) provisionally certifying the proposed settlement classes; (6) directing distribution of notice of settlement and providing an opportunity to opt-out or object to Settlement; and (7) setting the hearing date for the final approval of the Settlement. After a full and fair review of Plaintiffs' unopposed motion and memorandum in support thereof; the declaration of Sam J. Smith filed in support of the motion; the proposed Final Stipulation and Settlement Agreement; and Revised Class Notice and claim form, the Court hereby Orders:

**PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT**

The Court grants preliminary approval of the proposed Final Stipulation and Settlement Agreement. The Settlement Agreement falls within the range of possible

approval and was the product of non-collusive, arm's length bargaining among experienced counsel. It is proper that class members, as provisionally certified herein, be apprised of this action.

The Court designates Burr & Smith, LLP, and Goldstein, Demchak, Baller, Borgen & Dardarian, P.C. as Class Counsel. Class Counsel has extensive knowledge in litigating wage and hour collective and class actions such as this, is familiar with the complex factual and legal questions at issue in this case, and will adequately represent the Plaintiffs and proposed class members in a comprehensive and vigorous manner.

The Court finds, as a preliminary matter to be reconsidered at a final fairness hearing, that the Gross Settlement Amount of $3,000,000, to be paid in a "claims made" procedure, appears to be a fair and reasonable settlement of the claims asserted by named Plaintiffs on behalf of proposed class members and the individual discrimination/retaliation claims; the petition for attorneys' fees of $1,000,000 which represents 33-1/3% of the potential Gross Settlement Amount appears to be reasonable in light of the extensive time and efforts employed by Class Counsel, the results obtained, and the elevated risk of non-payment they incurred due to the complex nature of the issues presented here; the petition for litigation expenses and costs of $42,427.13 is preliminarily approved; and the service payments of $1,000 to each Plaintiff adequately compensate Plaintiffs who participated in the structured mediation process preceding this settlement for their time, effort, and risk in prosecuting these actions and for resolving their claims in this case. The Court further provisionally approves the designation of The Employee Rights Advocacy Institute for Law and Policy as *Cy Pres* to receive any funds that are not claimed by Authorized Claimants.

**PROVISIONALLY CERTIFYING SETTLEMENT CLASSES**

The Court provisionally certifies the following opt-out settlement classes for Settlement Purposes Only:

- "California State Law Class:" Any and all persons employed by Olan Mills as Studio Photographers in California at any time during the period from April 7, 2005 through and including November 28, 2009;

- "Florida State Law Class:" Any and all persons employed by Olan Mills as Studio Photographers in Florida at any time during the period from May 2, 2005 through and including November 28, 2009;

- "New York State Law Class:" Any and all persons employed by Olan Mills as Studio Photographers in New York at any time during the period from June 1, 2003 through and including November 28, 2009; and

- "North Carolina State Law Class:" Any and all persons employed by Olan Mills as Studio Photographers in North Carolina at any time during the period from April 9, 2006 through and including November 28, 2009.

The Court finds that for settlement purposes only the Settlement Classes are proper under Fed. R. Civ. Pro. 23(a) and 23(b)(3). The Settlement Classes satisfy the requirements of Fed. R. Civ. Pro. 23(a) in that joinder is impractical due to numerosity; the class members have commonality in that they share common legal and/or factual questions at issue in this case; the claims of the named representatives are typical of the claims of the proposed class members because their claims arise from the same alleged factual events and legal theories; and the named plaintiffs and Class Counsel will fairly and adequately represent and protect

the interests of the proposed class members. The Settlement Classes also satisfy the requirements of Fed. R. Civ. Pro. 23(b)(3) because common questions of law affecting proposed class members predominate over questions that may affect individual members, and class action is superior to any other available method for the fair and efficient settlement of this controversy. Accordingly, the Court appoints named plaintiffs as class representatives.

Pursuant to Section 216(b) of the FLSA, the Court also conditionally certifies the following FLSA Class as a collective action for settlement purposes only:

- Any and all persons employed by Olan Mills as Studio Photographers in the United States who worked as a Studio Photographer during any week worked during the period from April 9, 2006 through and including November 28, 2009.

## **DIRECTING DISTRIBUTION OF REVISED CLASS NOTICE AND CLAIM FORMS**

The Court approves the form, content, and distribution of the proposed Revised Notice of Wage/Hour Class and Collective Action Settlement, Settlement Hearing and Claims Procedure ("Revised Class Notice") and Claim Forms, attached hereto as **Exhibit A**. The proposed Revised Class Notice clearly and accurately describes the nature of the action, the definition of the classes certified, and the class claims and defenses. The Revised Class Notice provides class members with an opportunity to opt-out of the Settlement Agreement or object to it. Pursuant to Section 216(b) of the FLSA, the Revised Class Notice also informs potential class members that they must file a Claim Form containing a consent to join the case in order to join in the FLSA settlement.

The Court appoints Rust Consulting, Inc. as Settlement Administrator.

The Court directs the distribution of the proposed Revised Class Notice and Claim Form by mail to Plaintiffs and members of the Classes by adopting the following schedule:

| | |
|---|---|
| April 23, 2010 | Mailing of Revised Class Notice. |
| June 22, 2010 | Last day for Class Members to "opt out" of the Settlement or to submit written objections to the Settlement. |
| June 22, 2010 | Last day for Class Members to qualify as an Authorized Claimant by filing claim forms to join FLSA settlement. |
| July 7, 2010 | Last day for filing and service of papers in support of final Settlement approval. |
| August 2, 2010 at 10:00 a.m. | Final Settlement approval hearing. |
| Within 14 days of the Final Effective Date (as defined in the Settlement Agreement): | Class members who qualify as Authorized Claimants shall receive their allocated back-pay, less applicable taxes and deductions; one-half of the service payments shall be awarded; one half of the compensatory damage amounts allocated to individuals bringing sexual harassment, pregnancy discrimination and retaliation claims shall be awarded; and Class Counsel shall be paid one-half of their authorized attorneys' fees, expenses, and costs. |
| On or before January 24, 2011 | Class members who qualify as Authorized Claimants shall receive their allocated liquidated damages; remainder of the service payments shall be awarded; remainder of compensatory damage amounts allocated to individuals bringing sexual harassment, pregnancy discrimination and retaliation claims shall be awarded; and Class Counsel shall be paid remaining authorized attorneys' fees, expenses, and costs. |

## SETTING DATE OF FINAL FAIRNESS HEARING

Finally, the Court grants Plaintiffs' request to set a date for the final approval hearing that is approximately 100 days after the Court grants preliminary approval of the proposed Settlement. The final hearing date is set for the 2nd day of August 2010 at 10:00 a.m. in this Court at which time putative class members who have submitted written objections may enter an appearance in person or by and through counsel to present such objections.

Entered this 12th day of April 2010.

_____
THE HONORABLE JOHN T. NIXON

NASHVILLE 381633

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIRSTEN APPLEGATE-WALTON, ) | |
| CHARLENA KENDRICK-MONGER, ) | |
| JENNIFER MELTON, ALICIA ) | |
| RICHARDSON, AMANDA HANNAWI, ) | |
| KIMBERLY HUGHES, MELISSA ) | |
| BARTUSH, LATRICIA WILKINS, ) | |
| JASMINE BEMORE, LIZBETH BARRON,) | |
| KRYSTAL BROOKS, CINDY GALVEZ, ) | |
| VIVIAN MARTINEZ, DEANNA ) | |
| MONTOYA, LATOYA PORTER, ) | |
| VANESSA VELEZ, GINA BARADELL, ) | |
| AND ASHLEIGH CONNELL, ) | Civil Case Number: 3:10-cv-00224 |
| individually and on behalf of others ) | |
| similarly situated, ) | COLLECTIVE AND CLASS ACTION |
| ) | |
| Plaintiffs, ) | Judge Nixon |
| ) | |
| v. ) | Magistrate Judge Bryant |
| ) | |
| OLAN MILLS, INC., ) | |
| ) | |
| Defendant. ) | |

## IMPORTANT NOTICE

Please read carefully. This notice relates to a proposed settlement of class and collective action litigation. It contains important information as to your right to participate in the settlement, make a claim for payment or to elect not to be included in the class. You must submit a claim, waiver, release and consent to join form on or before **June 22, 2010,** if you are to receive payment for your portion of the settlement.

### I. INTRODUCTION

Pursuant to the order of the United States District Court, Middle District of Tennessee, entered on April 12, 2010, you are hereby notified as follows: A settlement has been reached

1

between plaintiffs and Olan Mills in *Applegate-Walton, et al. v. Olan Mills*, Case No. 3:10-cv-00224 on behalf of Studio Photographers who work or worked for Olan Mills.

You have received this notice because records indicate that you may have worked for Olan Mills as a Studio Photographer during the relevant time period. This notice is designed to advise you of how you can participate in or be excluded from the settlement.

A. **Background**

On April 7, 2009, a group of Studio Photographers ("Plaintiffs") filed a complaint against Olan Mills in United States District Court for unpaid minimum wages and overtime pay pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") and putative class claims pursuant to California and North Carolina wage and hour laws (the "Complaint"). Shortly thereafter, Olan Mills indicated an interest in resolving the case through mediation.

On June 17, 2009, the Parties entered into an agreement which provided for an exchange of information relating to Plaintiffs' claims. The Parties began an exchange of information with respect to Plaintiffs' claims and allegations. During this process, Olan Mills conducted interviews of selected Studio Photographers who were employed in the states of Tennessee, Louisiana, Michigan, New York, Florida, North Carolina, and California.

The issues included whether Studio Photographers were not paid for all work performed before and/or after their scheduled shifts, during scheduled meal periods, during conference calls or for cleaning and maintaining photographic props. Also at issue were the legal and factual basis for claims under California, Florida, New York, and North Carolina state law for overtime pay, minimum wage, denied meal and rest periods, reimbursement of business expenses, unfair competition law, interest, inaccurate wage statement, and waiting time claims and whether these claims could be subject to an opt-out class certification under Rule 23 of the Federal Rules of Civil Procedure.

2

On November 10, 2009, the parties participated in mediation which culminated in a Settlement Agreement. The Settlement also resolved claims of seven individuals who claimed to have experienced unlawful sexual harassment, pregnancy discrimination and retaliation.

For the purpose of obtaining court approval of the proposed settlement and permission to notify all potential class members, plaintiffs filed a revised complaint in the Middle District of Tennessee which added claims under New York and Florida law. By entering into the Settlement Agreement and answering the Complaint, Olan Mills has voluntarily settled the claims solely for the purpose of avoiding the costs and disruption of ongoing litigation. Olan Mills does not admit any liability or wrongdoing.

As experienced class counsel in wage and hour litigation, Class Counsel believe that, the terms of the Settlement Agreement are fair and reasonable in light of the defenses Olan Mills asserted to liability, numerous contested legal and factual issues, the possibility that a class action would not be certified, the possibility that recovery of damages could be decreased at trial, the difficulty in collecting a judgment and the risk of delay and/or appeal.

Members of the Settlement Classes can view a copy of the Complaint and Settlement Agreement at www.applegate-waltonsettlement.com. The Settlement Agreement provides for the certification for settlement purposes and settlement payments of a FLSA opt-in class and four Rule 23 opt-out classes, totaling approximately 9,108 Studio Photographers, as follows:

1. The "California State Law Class" refers to any and all persons employed by Olan Mills as Studio Photographers in California at any time during the period from April 7, 2005 through and including November 28, 2009;

2. The "Florida State Law Class" refers to any and all persons employed by Olan Mills as Studio Photographers in Florida at any time during the period from May 2, 2005 through and including November 28, 2009;

3

3. The "New York State Law Class" refers to any and all persons employed by Olan Mills as Studio Photographers in New York at any time during the period from June 1, 2003 through and including November 28, 2009;

4. The "North Carolina State Law Class" refers to any and all persons employed by Olan Mills as Studio Photographers in North Carolina at any time during the period from April 9, 2006 through and including November 28, 2009; and

5. The "FLSA CLASS" refers to any and all persons employed by Olan Mills as Studio Photographers in the United States who reported 30 or more hours worked as a Studio Photographer during any week worked during the period from April 9, 2006 through and including November 28, 2009.

6. "Studio Photographers" refers to Studio Photographers employed nationwide with Olan Mills and the state law claims of Studio Photographers employed in California, Florida, New York, and North Carolina.

**Please review the Summary of Settlement below to understand how you may benefit and be affected by the Settlement.**

## II. SUMMARY OF THE SETTLEMENT

### A. Settlement Payments

In consideration for settlement and a release of all wage and hour claims of the Settlement Classes against Olan Mills, Olan Mills has agreed to make payments to the members of the Settlement Classes or the authorized legal representative of such member of the Settlement Classes who timely sign and return a duly executed Claim and Consent to Join Form ("Claim Form")

The proposed settlement seeks to resolve Plaintiffs' claims against Olan Mills for a gross settlement amount of $3 million dollars to be paid in two installments. The initial settlement installment is to be paid within fourteen days of final approval of the settlement in the amount of

$1,500,000.00. The final settlement sum is to be paid on or before January 24, 2011 in the amount of $1,500,000.00.

Your minimum share of the initial settlement payment as set forth on the enclosed Settlement Share Form is based on a formula that utilizes the number of weeks within the liability period you worked for Olan Mills as a Studio Photographer. The portion of your allotted settlement payment characterized as back wages shall be subject to all required employee paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and any other state-specific statutory deductions) and other authorized deductions or required deductions (garnishments, tax liens, child support, etc.), which you will be responsible for paying from your allotted settlement payment. Your minimum share of the final settlement payment shall not be subject to withholding but will be characterized as payment for alleged liquidated damages under the FLSA and will be treated as income to you. Olan Mills will report the back wage payment to you on an IRS Form W-2 and the liquidated damage payment to you on an IRS Form 1099. Your shares may increase depending upon the total number of class members who timely file claims because the Settlement Agreement provides that the settlement share of any class member who does not timely file a claim form is to be distributed to the class members who do timely file claim forms.

**B.      Authorized Claimant**

You will be considered an Authorized Claimant only if you sign and return the attached Claim Form so that they are received by the Settlement Claims Administrator at the address below on or before June 22, 2010.

**C.      Release**

The Stipulation and Settlement Agreement between Plaintiffs and Olan Mills contains a release whereby each and every member of the California, Florida, New York or North Carolina

5

state law classes and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns (collectively, the "State Law Releasing Persons") forever completely releases and discharges Olan Mills, and the Released Persons, as defined in the Settlement Agreement, from any and all wage-related claims, demands, rights, liabilities, expenses, and losses of any kind, that any of the State Law Releasing Persons has, had, might have or might have had against any of the Released Persons based on any act or omission that occurred at any time up to and including November 28, 2009, related to any of the facts or claims alleged in this Litigation, even if presently unknown and/or un-asserted, including but not limited to:

> The Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*; wage and hour laws and regulations of the state of California, including California Labor Code Sections 201-204, 212, 221 *et. seq.*, 226, 226.7, 400 *et. seq.*, 510 *et seq.*, 512, 558, 1194, 2699 *et. seq.* and 2802; Wage Order 4 of the Industrial Welfare Commission ("IWC") Wage Orders (8 Cal. ¶Code Regs. §11010 *et seq.*); the California Business & Professions Code § 17200 and Code of Civil Procedure § 1021.5 and 1542; the wage and hour laws and regulations of the state of Florida, including Article X, Section 24 of the Florida Constitution; the wage and hour laws and regulations of the state of New York, including, the New York Labor Law Article 6 and 19, the New York Minimum Wage Act, §§650 *et seq.* and Minimum Wage Orders, 12 N.Y.C.R.R. § 142-1.1 *et seq.*, and 12 N.Y.C.R.R. §§ 142-2.4, 142-3.4; the wage and hour laws and regulations of the state of North Carolina, including but not limited to Title 13, Chapter 12 of the North Carolina Administrative Code; Chapter 95 of the General Statutes of North Carolina, Article 2A and Article 21.

If you are a member of the California, Florida, New York or North Carolina state law classes you will release these claims if you do not timely opt out of this case even if you do not file a claim form and receive a share of the settlement; however, FLSA claims are released only for those members of the Settlement Classes who timely file Claim Forms.

**D.      Payment to Class Representatives**

The named Plaintiffs in the caption hereto, who took a lead role in this Litigation and assisted in its resolution and who timely submit Claim Forms, will each receive service payments

6

of $1,000.00 for their significant involvement and time in discovery and preparing for mediation for the benefit of the settlement classes.

E.  **Payment to Individual Plaintiffs for Sexual Harassment, Pregnancy Discrimination and Retaliation Claims**

Plaintiffs Lizbeth Barron, Jasmine Bemore, Vivian Martinez, Deanna Montoya, Vanessa Velez, Kimberly Hughes, and Kirsten Applegate-Walton, will each receive a payment of $10,000 from the Gross Settlement Amount as compensatory damages in exchange for executing a general release of all claims, including alleged individual claims of sexual harassment, pregnancy discrimination and retaliation.

F.  **Attorneys' Fees**

Pursuant to Rules 23(f), 23(g) and 54(d)(2) of the Federal Rules of Civil Procedure, Class Counsel has moved the Court to award 33-1/3% of the Gross Settlement Amount as payment of attorneys' fees and has requested reimbursement for expenses and costs in the amount of $42,427.13 in connection with the prosecution and settlement of the claims subject to the Settlement Agreement, including those in connection with securing Court approval of this Settlement Agreement, the claims process and implementing this Settlement Agreement. The Court will make a determination on the reasonableness of this application during the Fairness Hearing scheduled for August 2, 2010.

III.  **YOUR RIGHTS AND OBLIGATIONS AS AN ELIGIBLE CLASS MEMBER**

A.  **Submitting a Claim**

Any Settlement Class Member who wishes to submit a claim must complete and sign the Claim Form and return it, via U.S. mail, to:

>   **Olan Mills Settlement Claims Administrator**
>   **c/o Rust Consulting, Inc.**
>   **P. O. Box 280**
>   **Minneapolis, Minnesota 55440-0280**
>   **Phone (866) 591-7230 or Website**

7

Your Claim Form must be received by the Settlement Claims Administrator by June 22, 2010. If you lose, misplace, or need another Claim Form, you may download this form at: www.applegate-waltonsettlement.com.

**B.      Excluding Yourself from the Settlement**

Any member of the California, Florida, New York, or North Carolina state law settlement classes who does not wish to participate in the settlement may exclude himself or herself (*i.e.* "opt-out") by sending a request in writing to the address below. The Request for Exclusion must be signed, dated, and returned by First Class U.S. Mail, or the equivalent, to:

**Olan Mills Settlement Claims Administrator**
**c/o  Rust Consulting, Inc.**
**P. O. Box 280**
**Minneapolis, Minnesota  55440-0280**
**Phone (866) 591-7230 or Website**

The Request for Exclusion must be received by the Settlement Claims Administrator by June 22, 2010.

Any person who files a complete and timely written Request for Exclusion in compliance with these requirements shall not: (i) have any rights under the Stipulation and Settlement Agreement; (ii) be entitled to receive a Settlement Payment; and (iii) be bound by the Stipulation and Settlement Agreement, the Final Approval Order, or the judgment. Members of the Settlement Classes elect to be excluded from any of the Settlement Classes will be excluded from each of the entire Settlement Classes. If a Settlement Class Member timely opts out of the case and also timely files a claim form, the Settlement Class Member shall be deemed to release his or her state law claims as well as his or her FLSA claims. All members of the California State Law Class, the Florida State Law Class, the New York State Law Class, or the North Carolina State Law Class who fail to timely file Requests for Exclusion shall be State Law

8

Releasing Persons bound by the settlement, but will not receive a Settlement Payment unless a completed and signed Claim Form is received by the Settlement Claims Administrator by June 22, 2010.

C.      **Objection to Settlement**

You can object to the terms of the settlement before final approval. However, if the Court rejects your objection, you will still be bound by the terms of the settlement unless you have submitted a valid and timely Request for Exclusion. To object, you must file a written objection and a notice of intention to appear at the Final Approval Hearing currently set for August 2, 2010 at 10:00 a.m. at the U.S. Courthouse at 801 Broadway, Nashville, Tennessee 37203, with the Settlement Claims Administrator and send copies to the following:

| CLASS COUNSEL: | OLAN MILLS' COUNSEL: |
|---|---|
| Sam J. Smith | Jennifer Robinson |
| Burr & Smith, LLP | Miller & Martin, PLLC |
| 442 W. Kennedy Blvd., Suite 300 | 1200 One Nashville Place |
| Tampa, Florida 33606-1495 | 150 Fourth Avenue North |
| 813-253-2010 | Nashville, TN 37219-2433 |
| | 615-244-9270 |

Any written objections shall state each specific reason in support of your objection and any legal support for each objection. Your objection must also state your full name, address, date of birth, and the dates and positions of your employment with Olan Mills. To be valid and effective, any objections to the approval of the settlement must be filed with the Settlement Claims Administrator and served upon each of the above-listed attorneys no later than June 22, 2010. **DO NOT TELEPHONE THE COURT.**

**IF YOU INTEND TO OBJECT TO THE SETTLEMENT, BUT WISH TO RECEIVE YOUR SHARE OF THE SETTLEMENT FUNDS, YOU MUST TIMELY FILE**

9

YOUR CLAIM FORM. IF THE COURT APPROVES THE SETTLEMENT DESPITE YOUR OR ANY OTHER OBJECTIONS, AND YOU DO NOT HAVE A CLAIM FORM ON FILE, YOU WILL NOT RECEIVE ANY PROCEEDS FROM THE SETTLEMENT.

## IV. PAYMENT TO CLAIMANTS

If you timely file the enclosed Claim Form, your initial settlement distribution will be mailed to you within forty-five days of final Court approval, assuming all rights to appeals, or appeals actually filed, are exhausted at that time. Your final settlement payment will be mailed to you on approximately February 24, 2011.

## V. FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a hearing on August 2, 2010 at 10:00 a.m. at the U.S. Courthouse at 801 Broadway, Nashville, Tennessee 37203 to determine whether the settlement should be finally approved as fair, reasonable, and adequate.

The hearing may be continued without further notice to the settlement class. **It is not necessary for you to appear at this hearing unless you have timely filed an objection with the Court and wish to be heard in support of your objection.**

## VI. NO RETALIATION OR DISCRIMINATION

The FLSA and state laws prohibit Olan Mills from discharging you or discriminating against you in any other way because you have exercised your right under the FLSA or state law to participate in this settlement.

## VII. ADDRESS CHANGES

It is your responsibility to inform the Settlement Claims Administrator of your correct address. Please sign and mail any change of address along with your Social Security number, date of birth, former address and new address to:

10

Case 3:10-cv-00224 Document 25 Filed 04/13/10 Page 19 of 20 PageID #: 297

Olan Mills Settlement Claims Administrator
c/o Rust Consulting, Inc.
P. O. Box 280
Minneapolis, Minnesota  55440-0280

VIII.  **ADDITIONAL INFORMATION**

The above is a summary of the basic terms of the settlement. For the precise terms and conditions of the settlement, you should consult the detailed "Stipulation and Settlement Agreement" which is available for your review at www.applegate-waltonsettlement.com. You may also contact the Settlement Administrator toll-free at 1-866-591-7230.

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

**BY ORDER OF THE DISTRICT COURT.**

Date: April 13, 2010

> JOHN T. NIXON, SENIOR JUDGE
> UNITED STATES DISTRICT COURT