UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KIRSTEN APPLEGATE-WALTON,
CHARLENA KENDRICK-MONGER,
JENNIFER MELTON, ALICIA
RICHARDSON, AMANDA HANNAWI,
KIMBERLY HUGHES, MELISSA
BARTUSH, LATRICIA WILKINS,
JASMINE BEMORE, LIZBETH BARRON,
KRYSTAL BROOKS, CINDY GALVEZ,
VIVIAN MARTINEZ, DEANNA
MONTOYA, LATOYA PORTER,
VANESSA VELEZ, GINA BARADELL,
AND ASHLEIGH CONNELL,
individually and on behalf of others
similarly situated,

    Plaintiffs,

v.

OLAN MILLS, INC.,

    Defendant.

Civil Case Number: 3:10-cv-00224

COLLECTIVE AND CLASS ACTION

Judge Nixon

Magistrate Judge Bryant

**ORDER GRANTING: (1) FINAL APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT; (2)
PETITION FOR ATTORNEYS' FEES, COSTS, AND
EXPENSES; AND (3) CERTIFICATION
<u>OF SETTLEMENT CLASSES</u>**

This matter comes before the Court on the Consented Motion of Plaintiffs in the captioned case, individually and on behalf of others similarly situated, for a final order and judgment approving the Stipulation and Settlement Agreement ("Settlement Agreement") and dismissing with prejudice all claims and actions in this litigation. After reviewing the

Settlement Agreement and other related materials submitted by the Parties filed in support thereof; and otherwise being fully informed in the premises,

**ORDERED AND ADJUDGED** as follows:

1. This Court has jurisdiction over the subject matter of this litigation and over all Parties to these actions pursuant to 28 U.S.C. § 1331. 20 U.S.C. 216(b) and 28 U.S.C. § 1367(a), including all members of the Settlement Classes, preliminarily certified for settlement purposes only, by Order dated April 12, 2010, Dkt. 24-1 (("Preliminary Approval Order"), and defined as:

   (1) "California State Law Class:" Any and all persons employed by Olan Mills as Studio Photographers in California at any time during the period from April 7, 2005 through and including November 28, 2009;

   (2) "Florida State Law Class:" Any and all persons employed by Olan Mills as Studio Photographers in Florida at any time during the period from May 2, 2005 through and including November 28, 2009;

   (3) "New York State Law Class:" Any and all persons employed by Olan Mills as Studio Photographers in New York at any time during the period from June 1, 2003 through and including November 28, 2009; and

   (4) "North Carolina State Law Class:" Any and all persons employed by Olan Mills as Studio Photographers in North Carolina at any time during the period from April 9, 2006 through and including November 28, 2009.

(5) "FLSA Class:" Any and all persons employed by Olan Mills as Studio Photographers in the United States during any week worked during the period from April 9, 2006 through and including November 28, 2009.

2. The Court finds that the state classes defined above satisfy the requirements of Fed. R. Civ. P. Rule 23(a) and are maintainable under Rule 23(b)(3) and that the FLSA Class defined above satisfies the requirements to be maintainable as a collective action under 29 U.S.C. § 216(b) (collectively "Settlement Classes"). The Court finally certifies the Settlement Classes for purposes of settlement of this action only.

3. The Notice of Wage/Hour Class and Collective Action Settlement, Settlement Hearing and Claims Procedure (Class Notice) given to the members of the Settlement Classes adequately informed the class members of the terms of the Settlement Agreement, the process available to them to obtain monetary relief, their right to opt out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the members of the Settlement Classes of a toll-free number for the Settlement Claims Administrator and a website at which they could access additional information regarding the case and settlement. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

4. After consideration of the seven factors identified in *Int'l Union of United Automobile, Aerospace & Agricultural Workers of America v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007), the Court hereby approves the proposed Settlement Agreement and finds it to be fair, reasonable and adequate to all members of the Settlement Classes. The

Court finds that extensive investigation, research and litigation has been conducted such that counsel for the Parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this action. The Court further finds that the Settlement Agreement has been reached as the result of intensive, arms-length negotiations, including mediation with an experienced third-party neutral. The Court further finds that the absence of any objections to the settlement and significant support for the settlement by the Settlement Classes supports final approval of this Settlement. The Court further approves the Settlement under Section 216(b) of the FLSA pursuant to *Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350 (11th Cir. 1982).

5. The Court finds that the Gross Settlement Amount of $3,000,000, to be paid in a "claims made" procedure, constitutes a fair and reasonable settlement of the claims asserted by named Plaintiffs on behalf of Settlement Class Members and the individual discrimination/retaliation claims.

6. The Court approves disbursement from the gross settlement amount of $10,000 each to Plaintiffs Lizbeth Barron, Jasmine Bemore, Vivian Martinez, Deanna Montoya, Vanessa Velez, to release claims for sexual harassment, retaliation, and pregnancy discrimination in violation of the California Fair Employment and Housing Act, Gov. Code section 12940(j)(l); to Plaintiff Kimberly Hughes to release a claim of retaliation in violation of the FLSA; and to Kirsten Applegate-Walton to release a claim of pregnancy discrimination in violation of Pregnancy Discrimination Act at Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e(k).

7. The Court approves disbursement of service payments from the Gross Settlement Amount of $1,000 to each Plaintiff who participated in the structured mediation process preceding this settlement as adequate compensation for the time, effort, and risk in prosecuting these actions and for resolving their claims in this case.

8. The Court approves the disbursement of attorneys' fees of $1,000,000 from the Gross Settlement Amount as reasonable in light of the extensive time and efforts employed by Class Counsel, the results obtained, and the elevated risk of non-payment they incurred due to the complex nature of the issues presented here.

9. The Court approves the disbursement from the Gross Settlement Amount of $42,427.13 for litigation expenses and costs.

10. The Court approves the designation of The Employee Rights Advocacy Institute for Law and Policy as *Cy Pres* to receive any funds that are not claimed by Authorized Claimants.

11. The Court hereby dismisses all claims released in the Settlement Agreement of the Parties on the merits and with prejudice ("State Law Released Claims" and "FLSA Released Claims" as defined in the Settlement Agreement) and without costs to any of the Parties as against any other settling Party, except as provided in the Settlement Agreement.

12. The Court orders that any member of the California, Florida, New York and North Carolina State Law Classes who did not timely opt-out of this case, and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns (collectively, the "State Law Releasing Persons") hereby forever completely release and

Case 3:10-cv-00224   Document 33   Filed 08/02/10   Page 5 of 8 PageID #: 410

5

discharge Olan Mills and the Released Persons from any and all claims based on any act or omission that occurred at any time up to and including November 28, 2009, related to any of the facts or claims alleged in this Litigation, even if presently unknown and/or un-asserted, including but not limited to:

> The wage and hour laws and regulations of the state of California, including California Labor Code Sections 201-204, 212, 221 et. seq., 226, 226.7, 400 et. seq., 510 et. seq., 512, 558, 1194, 2699 et. seq. and 2802; Wage Order 4 of the Industrial Welfare Commission ("IWC") Wage Orders (8 Cal. ¶Code Regs. §11010 et seq.); the California Business & Professions Code § 17200 and Code of Civil Procedure § 1021.5 and 1542; the wage and hour laws and regulations of the state of Florida, including Article X, Section 24 of the Florida Constitution; the wage and hour laws and regulations of the state of New York, including, the New York Labor Law Article 6 and 19, the New York Minimum Wage Act, §§650 et. seq. and Minimum Wage Orders, 12 N.Y.C.R.R. § 142-1.1 et. seq., and 12 N.Y.C.R.R. §§ 142-2.4, 142-3.4; the wage and hour laws and regulations of the state of North Carolina, including but not limited to Title 13, Chapter 12 of the North Carolina Administrative Code; Chapter 95 of the General Statutes of North Carolina, Article 2A and Article 21.

Any State Law Releasing Person who did not timely opt into this case is not barred by this Order from pursuing FLSA claims against Defendant.

13. The Court orders that all persons who are members of the FLSA Class who timely opted into this case by timely filing a Claim Form ("FLSA Settlement Class Member"), and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns (collectively, the "FLSA Releasing Persons") hereby forever completely release and discharge Olan Mills and the Released Persons from any and all claims pursuant to Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.*, of any kind, that any of the FLSA Releasing Persons has, had, might have or might have had against any of the Released Persons based on any act or omission that occurred up to and including

November 28, 2009, in any way related to any of the facts or claims alleged in this Litigation, even if presently unknown and/or un-asserted.

14. The Court orders that all claim forms received by the claims Administrator after June 22, 2010 shall be deemed untimely, except those claim forms that were postmarked on or before June 22, 2010 and those claim forms that were received by the Claims Administrator after June 22, 2010 and the claimant provided a letter on or before July 26, 2010 indicating good cause for the late filing of the claimant's claim form.

15. The Court orders that the claim forms deemed deficient by the Claims Administrator, which deficiencies have not been deemed by the Claims Administrator to have been cured within 20 days of the mailing of a request to cure such deficiency, shall be considered invalid, and these Claimants shall not be allowed to participate in the monetary recovery.

16. As identified by the declaration of the Senior Project Administrator Caryn Donly for the Settlement Claims Administrator, filed on July 7, 2010, the Court finds that the following individuals have timely opted out of the Settlement Agreement: Francis Luna, Stephanie Strykowski, Melissa Silfa and Michaela Rutmayer. These individuals are excluded from the classes certified herein and are not bound by the terms of the Settlement Agreement.

17. This case is hereby dismissed with prejudice. The Court shall reserve jurisdiction over this action and the Parties to administer, supervise, interpret and enforce the Settlement Agreement and this Order.

18. The Clerk is directed to enter a final judgment consistent with this Order and close this file.

DONE AND ORDERED, this 2nd day of August 2010.

_____
THE HONORABLE JOHN T. NIXON